# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SHANNON SZUSZALSKI, as personal representative
for the ESTATE OF LINDA BARAGIOLA, and
SHANNON SZUSZALSKI, individually,

        Plaintiff,

v.                                                          No. 1:19-cv-0250 RB-CG

RUDY FIELDS, SANDOVAL COUNTY, SHERIFF
DOUGLAS C. WOOD, and JANET LOPEZ,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

This lawsuit arises out of the tragic death of Ms. Linda Baragiola, who was a close friend and neighbor of Defendant Janet Lopez. At Ms. Lopez's request, Ms. Baragiola went onto Ms. Lopez's property to check on her dogs after her home's security alarm was triggered. Law enforcement officials also arrived at the home and questioned Ms. Baragiola. As Ms. Baragiola was walking home, Defendant Rudy Fields, a law enforcement officer who was preparing to respond to a non-emergency call, backed his police vehicle into Ms. Baragiola and ran her over.

Ms. Shannon Szuszalski, on behalf of herself and as personal representative of the Estate of Ms. Baragiola (Plaintiffs), filed a lawsuit against Ms. Lopez, Mr. Fields, the Sandoval County Board of Commissioners (Sandoval County), and Sheriff Douglas Wood in state court. Mr. Fields, Sandoval County, and Sheriff Wood (the County Defendants) removed the lawsuit to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(c). In their notice of removal, they stated that Ms. Lopez consented to the removal, but Ms. Lopez did not sign the notice. She did, however, file a motion to dismiss, a jury trial demand, a separate notice of consent, and a brief opposing Plaintiffs' motion to remand.

Plaintiffs now contend that this case should be remanded because Ms. Lopez did not independently and unambiguously consent to removal, either by joining the Notice of Removal or by filing her consent within 30 days of the date she was served. The Court finds that the County Defendants' indication of Ms. Lopez's consent, coupled with her own filings in federal court, are sufficient to establish unanimous and timely consent to removal. Accordingly, the Court will deny Plaintiffs' motion to remand.

## I. Background

On January 25, 2019, Plaintiffs filed their original lawsuit in the Thirteenth Judicial District Court of New Mexico, bringing claims under the New Mexico Constitution and the New Mexico Tort Claims Act (NMTCA). (Doc. 1-A-1.) Plaintiffs properly served Mr. Fields, Sandoval County, and Ms. Lopez on February 21, 2019, and Sheriff Wood on February 27, 2019. (*See* Docs. 1-A-2; 15-1.) On March 6, 2019, Plaintiffs filed an Amended Complaint and added new claims under the United States Constitution and 42 U.S.C. § 1983; Defendants received electronic notice the same day. (*See* Docs. 1-A-3 (Am. Compl.); 1-A-4.)

On March 18, 2019, Ms. Lopez filed a Peremptory Election to Excuse Judge in the state court lawsuit. (*See* Doc. 1-A-5 at 4.) On the same day, counsel for Ms. Lopez emailed counsel for Plaintiffs and asked for an extension of the due date to the discovery requests Plaintiffs had served on her. (*See* Docs. 15 at 3; 15-2.) On March 19, 2019, the Clerk of the District court filed a Notice of Judge Assignment, assigning State District Judge John F. Davis to Plaintiffs' state lawsuit. (*See* Doc. 15-3 at 1.) Later that afternoon, Ms. Lopez filed a motion to dismiss in lieu of an answer. (*See id.*; *see also* Doc. 1-A-5 at 6–15.)

On March 21, 2019, the County Defendants, who are all represented by the same attorney, removed the lawsuit to this Court. (Doc. 1.) In the Notice of Removal, the County Defendants

asserted that Ms. Lopez, who is represented by a different attorney, consented to removal on March 19, 2019. (*Id.* at 3.) Ms. Lopez's attorney did not sign the Notice of Removal. (*See id.*) After the case was removed to this Court, Ms. Lopez filed an Amended Motion to Dismiss (Doc. 4) and a jury trial demand (Doc. 6).

On April 17, 2019, Plaintiffs' attorney emailed counsel for Defendants to request their position on Plaintiffs' proposed motion to remand. (*See* Docs. 15 at 5; 15-5.) That afternoon, Ms. Lopez filed a Notice of Consent to Removal to Federal Court. (Doc. 12.) Plaintiffs' filed their motion to remand on April 19, 2019. (Doc. 15.)

## II.    Legal Standards

A defendant may remove a civil action from state to federal court if the action "satisfies the requirements for original federal jurisdiction . . . ." *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1250 (D.N.M. 2017) (citing 28 U.S.C. § 1441(a); *Huffman v. Saul Holdings LP*, 194 F.3d 1072, 1076 (10th Cir. 1999)). A defendant must file the notice of removal "within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable." *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017) (citing 28 U.S.C. § 1446(b)(1)).

When the plaintiff names and serves multiple defendants, all defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A plaintiff may move to remand the case to state court on the basis of a defect in the removal process, including a failure of all defendants to consent to removal. *Padilla*, 282 F. Supp. 3d at 1251, 1254–55. The rule that all defendants must consent to removal "is commonly known as the 'unanimity rule.'" *Zambrano*, 256 F. Supp. 3d at 1181 (citing *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007)).

"Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *Id.* at 1182 (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Op. Co. LLC v. Owens*, 574 U.S. 81 (2014)). "All doubts are to be resolved against removal." *Id.* (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). The removing defendant bears the burden of establishing subject-matter jurisdiction. *Id.*

### III. The County Defendants have met their burden to establish unanimity.

When Plaintiffs filed their Amended Complaint on March 6, 2019, with new federal constitutional and statutory claims, their civil action became removable pursuant to the Court's federal question jurisdiction. 28 U.S.C. § 1331. The County Defendants timely removed the lawsuit on March 21, 2019. *See* 28 U.S.C. § 1446(b)(1). The parties agree that under the relevant statutory framework, all then-properly served defendants were required to consent to removal. *See* 28 U.S.C. §§ 1446(b)(2)(A)–(B). The parties do not agree on the *form of* or *time frame for* that consent.

In their Notice of Removal, the County Defendants stated that "all defendants, including Defendant Janet Lopez, . . . consent to removal of this case. Counsel for Ms. Lopez provided her consent on March 19, 2019." (Doc. 1 at 3.) Plaintiffs argue that this assertion of Ms. Lopez's consent, without more, is insufficient to establish unanimity. (Doc. 15 at 8–12.) Both the County Defendants and Ms. Lopez oppose Plaintiffs' motion and argue that one defendant's assertion of another defendant's consent is sufficient. (Docs. 25; 26.)

The relevant portion of the removal statute provides: "When a civil action is removed solely under section 1441(a), **all defendants who have been properly joined and served must**

**join in or consent to the removal of the action**." *Id.* § 1446(b)(2)(A) (emphasis added). The first part of the parties' dispute centers on the meaning of "join in or consent."

### A. The longstanding circuit split regarding the form of consent

This issue is not novel—there is a decades-old circuit split regarding how codefendants must consent to removal. Three circuits—the Second, Fifth, and Seventh—have found that all defendants must file independent and unambiguous notice that they consent to removal, generally either by signing the notice of removal itself or by filing a clear, separate consent later.[1] *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (finding non-removing defendants had sufficiently expressed consent by sending letters to the court within the 30-day removal period); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (finding that each defendant must give consent to removal in writing); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (finding each defendant must file timely written indication of consent). Four circuits—the Fourth, Sixth, Eighth, and Ninth—have found that the removing defendant may "vouch" for the consent of the non-removing defendants, though in the Fourth, Eighth, and Ninth Circuit cases, the non-removing defendants later filed something—a notice of consent or a motion or brief indicating a willingness to litigate in the federal forum—indicating consent.[2] *Mayo v. Bd.*

---

[1] Plaintiffs contend that the Eighth Circuit made a similar decision in *Pritchett*, but the Eighth Circuit has specifically disavowed Plaintiff's reading of *Pritchett* in a more recent case. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (noting that *Pritchett* "left open the possibility that the unanimity requirement could be met when the removing defendant gives notice of its codefendants' consent").

[2] The First and Eleventh Circuit Courts of Appeals have made similar findings, albeit in more extreme circumstances. In *Esposito v. Home Depot U.S.A., Inc.*, where the case had proceeded to summary judgment and the issue of remand was not raised until the appeal, the First Circuit declined "to establish a wooden rule" regarding the type of writing that is sufficient to indicate a non-removing defendant's consent and found that the non-removing defendant's filing of an answer and an opposition to the plaintiff's motion to

*of Educ. of Prince George's Cty.*, 713 F.3d 735, 740–42 (4th Cir. 2013) (finding that removing defendant may unambiguously represent the non-removing defendants' consent to removal by signing the notice of removal pursuant to Federal Rule of Civil Procedure 11; the non-removing defendants need not file anything further); *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932–33 (8th Cir. 2012) (removing defendant's indication of consent in notice of removal was sufficient where non-removing defendant neither signed the notice of removal nor filed a separate consent to removal, but instead filed a motion to dismiss shortly after removal, indicating a willingness to litigate in the federal forum); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004) (even assuming that removing defendants' indication of consent in the notice of removal on behalf of a codefendant, signed pursuant to Rule 11, was insufficient to satisfy rule of unanimity, consent was clear and unanimity satisfied when codefendant filed an answer and an opposition to the plaintiff's motion to remand); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224–25 (9th Cir. 2009) (adopting Sixth Circuit's position where non-removing defendant filed written notice of joinder "well outside the thirty-day window for removal").

The Tenth Circuit has not spoken to this issue and there is a split of authority amongst the district courts in the Tenth Circuit, as well as within the District of New Mexico. Several courts have found that independent and unambiguous consent is required. *See*, *e.g.*, *Schueller v. Cty. of Valencia*, No. CV 16-01287 SCY/WPL, 2017 WL 3172781, at *3 (D.N.M. May 24, 2017) (Yarbrough, J.); *Padilla v. Dollar Gen. Corp.*, CV 14-0544 MV/WPL, 2014 WL 12789008, at *3 (D.N.M. Aug. 24, 2014) (Lynch, J.); *State Farm Fire & Cas. Co. v. Dunn-Edwards Corp.*, 728 F.

---

remand was sufficient to indicate consent. 590 F.3d 72, 76–77 (1st Cir. 2009). The Eleventh Circuit adopted the First Circuit's reasoning in the unpublished case of *Stone v. Bank of New York Mellon, N.A.*, and found that in an action removed on the basis of federal question jurisdiction, the non-removing defendant that did not join in the notice of removal later sufficiently indicated consent when it filed an opposition to the plaintiff's motion to remand. 609 F. App'x 979, 981 (11th Cir. 2015).

Supp. 2d 1273, 1277 (D.N.M. 2010) (Black, J.); *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1258 (D.N.M. 2008) (Johnson, J.); *Beasley v. Progressive Nw. Ins. Co.*, No. 14-2543-JAR-GLR, 2015 WL 630566, at *4 (D. Kan. Feb. 12, 2015); *Kozel v. Okla. Dep't of Pub. Safety*, No. CIV-12-274-FHS, 2012 WL 3101403, at *2 (E.D. Okla. July 30, 2012); *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995). And at least two judges in this circuit have found that the removing defendant may vouch for the non-removing defendants. *See*, *e.g.*, *Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010) (Browning, J.) (finding that removing defendant may indicate the non-removing defendant's consent in the notice of removal, and the non-removing defendant need not sign the notice or file any further written confirmation); *Bruning v. City of Guthrie, Okla.*, 101 F. Supp. 3d 1142, 1144–47 (W.D. Okla. 2015) (same).

In short, this issue is still an open question in the Tenth Circuit with well-supported reasoning on both sides. The Court notes, however, that the tide appears to be turning since the 2011 amendments to the removal statute.[3] The circuit court decisions in Plaintiffs' favor (*Getty*, *Roe*, and *Pietrangelo*) were based on the statute before the 2011 amendments, while two of the four circuit court decisions in Defendants' favor (*Griffioen* and *Mayo*) are based on the current version of the statute. The Court now turns to the reasoning behind each approach.

B.    **Statutory interpretation**

1.    **The statutory text is silent on the required form of consent.**

The Court begins its analysis with the text of the removal statute. *See Parson v. Johnson & Johnson*, 749 F.3d 879, 887 (10th Cir. 2014). "Although plaintiffs argue that removal statutes

---

[3] Prior to the 2011 amendments, the relevant statutory language provided that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal signed pursuant to Rule 11." 28 U.S.C. § 1446(a). As courts have lamented time and again, the statutory text did "not make clear how a case involving multiple defendants [was] to be removed in light of the requirement that all defendants must consent to the removal." *Mayo*, 713 F.3d at 741.

should be strictly construed against removal, this principle of construction does not defeat the general principle of statutory construction that terms used in a statute should be given their plain meaning." *Id.* (citing *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 172–73 (2014)). The relevant text requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The statute does not define what constitutes "joining" or "consenting," and the dictionary definitions of the words shed no light on what *form* either should take in the context of removal and whether the intent to join or consent must be conveyed to the removing defendant or the court.

### 2.      Courts strictly construe removal statutes.

Tenth Circuit precedent requires federal courts to construe removal statutes narrowly "in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)) (subsequent citation omitted). In *Pritchett*, the Tenth Circuit examined the Class Action Fairness Act (CAFA), a statute with a removal provision that "expanded the subject matter jurisdiction of federal courts over [certain] class actions . . . ." *Id.* at 1092 (citing Class Action Fairness Act of 2005, Pub. L. No. 109–2, 119 Stat. 4, 9–12). The Tenth Circuit found that "if there [was] ambiguity as to whether [CAFA] confers federal jurisdiction[,]" it was "compelled to adopt a reasonable, narrow construction" of the statute. *Id.* at 1095.

Construing the pre-2011 removal statute in *Tresco*, Judge Browning opined that "[t]he statute is not ambiguous; it is silent. It neither requires nor precludes [a] rule that" obligates a non-removing defendant to file independent and unambiguous consent. 727 F. Supp. 2d at 1255. Hence, the *Tresco* court concluded:

there is no doubt about what the statute requires. Strictly construing the plain language of the removal statute, and in the face of no Tenth Circuit law to the contrary, the Court concludes that the filing of a notice of removal can be effective without individual consent documents on behalf of each Defendant. Strict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal . . . .

*Id.* It is the *statute* a court must strictly construe, not the *notice of removal*. *Id.*

The amended statute is also silent on the form consent must take. The *Griffioen* court found it significant that the amended removal statute does "not describe the form of or time frame for consent when multiple defendants are involved" in a lawsuit. 785 F.3d at 1187. Instead, it "lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action." *Id.* "Congress could have defined with equal specificity the form of or time for consent but chose not to do so. Its failure to do so dissuade[d the court] from adopting a rule that places form over substance." *Id.*; *see also Mayo*, 713 F.3d at 742[4]; *but see A.R. v. Norris*, No. 3:15CV1780, 2015 WL 6951872, at *3 (M.D. Pa. Nov. 10, 2015) (finding that "a strict interpretation of the removal statute yields the inescapable conclusion that a removing defendant may not verify that all properly served defendants consent to removal because that language does not exist in the removal statute").

### 3. The removing defendant carries the burden of establishing that removal is proper.

Well-grounded Tenth Circuit precedent also dictates that the removing defendant bears the burden of proving that removal is proper, and the Court is to resolve all doubts against removal. *See Laughlin*, 50 F.3d at 873; *Fajen*, 683 F.2d at 333. The *Dunn-Edwards* court opined that a written notice requirement removes any doubt that "removal was properly accomplished." 728 F.

---

[4] The *Mayo* court noted that while it was considering a case brought pursuant to the pre-2011 amendments, its analysis and conclusion would be the same under the amended statute. *Mayo*, 713 F.3d at 741 n.1.

Supp. 2d at 1276 (footnote omitted). Without such a requirement, "courts ignore [the presumption against removal] and inject uncertainty into an otherwise clear rule." *Id.*

Challenging the observation that a written requirement reduces uncertainty, the *Tresco* court remarked that "district courts often have to make difficult decisions" and "are not free to limit federal jurisdiction to avoid error." *Tresco*, 727 F. Supp. 2d at 1252 n.5. Importantly, "federal courts often rely on the representations of counsel about other parties. For example, parties frequently submit unopposed motions, stating that the other parties do not oppose. Rarely is there any problem, and if there is, a federal court has an abundant reservoir of powers to remedy misrepresentations." *Roybal v. City of Albuquerque*, No. CIV-08-181 JB/LFT, 2008 WL 5991063, at *8 (D.N.M. Sept. 24, 2008). Thus, he concluded, an indication of consent in the notice of removal, which an attorney signs pursuant to Rule 11, is "sufficient to deal with the primary concern animating the judicial creation of restrictions on removal." *Id.*

### 4.      Legislative history

Section 1446(a) requires that a notice of removal contain "a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). In the 1988 amendments to § 1446(a), Congress stated that it borrowed this "liberal" pleading requirement from Federal Rule of Civil Procedure 8(a). H.R. Rep. 100-889, 71–72, 1988 U.S.C.C.A.N. 5982, 6032. The Supreme Court discussed this legislative history in *Dart* and concluded that "Congress . . . intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." 574 U.S. at 87 (quoting H.R. Rep. No. 100-889, at 71) (internal quotation marks, brackets, and subsequent citation omitted).

The *Bruning* court examined this reasoning and observed that *Dart* stands for the proposition that "a party's representation as to the amount in controversy may be relied on as the

basis for jurisdiction, unless it is contested." 101 F. Supp. 3d at 1445. Admitting that "the considerations involving allegations as to the amount in controversy do not precisely parallel those applicable to allegations of consent," the *Bruning* court concluded that "they are substantially the same." *Id.* "[I]t would seem a rather anomalous result for the law to permit a party's representation as to a jurisdictional fact—the amount in controversy—to be sufficient to support removal, but to not allow such a representation as to a non-jurisdictional, procedural requirement." *Id.*

Faced with similar reasoning by the defendant in *Viking, Inc. v. NMD International, Inc.*, the district court declined to extend *Dart*'s reasoning "to questions of consent procedures in" cases removed from state court. No. 1:16-CV-25, 2016 WL 4698240, at *3 (N.D. Ind. Sept. 8, 2016).

> [T]he notice pleading rationale in Dart is perfectly logical in the context of damages which are often highly fact-sensitive and may be difficult to establish at the outset of a case; however, the analysis makes little sense when applied to the separate matter of unanimity of consent which requires a simple, easily obtained signature.

*Id.*

### C. Other considerations

#### 1. "Binding" the non-consenting defendants and Rule 11

Courts that require independent and unambiguous consent have noted that such a requirement insures unanimity and formally binds the non-removing defendants to their decision. *See, e.g.*, *Getty*, 841 F.2d at 1262 n.11; *Vasquez*, 536 F. Supp. 2d at 1258 (discussing *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 n.2 (D. Kan. 1996)). They reason that written consent is not "an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff." *Vasquez*, 536 F. Supp. 2d at 1258 (quoting *Henderson*, 920 F. Supp. at 1187 n.2).

While the Court agrees with this sentiment, it is also true that the removing defendant signs the notice of removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, *see* 28 U.S.C.

§ 1446(a), which provides that the attorney signing the notice "certifies that . . . the factual contentions [therein] have evidentiary support . . . ." Fed. R. Civ. P. 11(b). Such certification puts the signing attorney at risk for "sanctions for making false averments . . . ." *Tresco*, 727 F. Supp. 2d at 1249 (discussing *Proctor*, 584 F.3d at 1225). The court in *Swanson v. U.S. Bank, N.A.* asserted that while this threat of sanctions "may serve to make the representing defendant accountable to the court under [Rule 11], . . . it fails to bind on the record the allegedly consenting defendant." No. 2:10cv01258-DS, 2011 WL 1585134, at *2 n.1 (D. Utah, Apr. 26, 2011) (discussing *Tresco*, 727 F. Supp. 2d at 1243, 1254). The Court notes, however, that should the allegedly consenting defendants fail to object to remand within 30 days of removal, they will be bound regardless. Non-removing "defendants face a de facto time limit for consent to removal, because '[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.'" *Padilla*, 282 F. Supp. 3d at 1264 (quoting 28 U.S.C. § 1447(c)). If no party moves to remand, the right to remand based on a procedural defect is waived. *See id.*; *see also Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.,* 98 F. App'x 752, 756 (10th Cir. 2004) (finding that plaintiff waived its objection to defective notice of removal by failing to file a motion to remand within 30 days as required by 28 U.S.C. § 1447(c), and district court lacked discretion to remand due to the procedural defect); *Esposito*, 590 F.3d at 75 (noting that a "defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived") (citations omitted). And as the *Mayo* court observed, the non-removing defendants will not "lack accountability to the court when they will be before the court within days of the removal, signing papers and otherwise performing as officers of the court." 713 F.3d at 742.

### 2. Neither approach offers perfect clarity

Proponents of the written requirement approach contend that it promotes clarity. In *Dunn-Edwards*, for example, Judge Black stated: "Rather than simply review the notice of removal and docket for each defendant's explicit consent, removed plaintiffs" in jurisdictions that allow vouching "must parse each line of each filing—and perhaps of each hearing before the court— with an eye to both the ever-shifting jurisprudence of what constitutes sufficient consent and the judge to whom the case has been assigned." 728 F. Supp. 2d at 1276–77 (citations omitted). It is true that ambiguous language in the notice of removal has produced confusion in the line of cases that allow vouching. For example, is it enough for the removing defendant to assert that the other defendants consent to removal, or must it also aver that it obtained that consent only after it "consulted with the other defendants"?

This issue has been raised in our own district. For example in *Tresco*, the removing defendant stated in its notice of removal that it had conferred with the other defendant's counsel and obtained counsel's consent to removal. 727 F. Supp. 2d at 1245. The *Tresco* court found that this averment was sufficient to establish consent. *Id.* at 1255. In *Schueller*, the removing defendant "represented that all defendants who have been served consent to this removal." 2017 WL 3172781, at *3 (internal quotation marks and brackets omitted). The *Schueller* court found that this language was insufficient "[e]ven under Tresco's more lenient standard," because the notice did not specify that the removing defendant's counsel had conferred with the other attorney and obtained consent. *Id.*; *cf. Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 564 (W.D. Pa. 2015) (finding that even if the court were inclined to allow vouching, the removing defendant's averment that the other defendants "did not object" to removal was insufficient to indicate that they affirmatively consented to removal); *Pioneer Asset Inv. Ltd. v. Arlie & Co.*, No.

CV 15-00387 ACK-KSC, 2015 WL 9665667 (D. Haw. Dec. 14, 2015), R&R adopted, No. CV 15-00387-ACK-KSC, 2016 WL 70445 (D. Haw. Jan. 5, 2016) (finding that while a removing defendant may indicate consent of other defendants pursuant to Ninth Circuit precedent in *Proctor*, the removing defendant had not sufficiently indicated consent when notice of removal asserted that "[u]pon information and belief, [other defendant] will not object to removal if or when the Complaint has been properly served upon it"); *accord Simon v. Regal Inv. Advisors LLC*, No. 3:16CV00090, 2017 WL 1628436, at *4 (W.D. Va. Apr. 28, 2017) (same).

A written requirement does not, however, provide the clearest guidepost for litigators. There is no such requirement in the statute. And requiring such a specific form of consent introduces "procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants." *Tresco*, 727 F. Supp. 2d at 1255.

**D.**     **The Court finds that the County Defendants' indication of Ms. Lopez's consent, coupled with her own activity in the federal lawsuit, is sufficient to show unanimity.**

The County Defendants' Notice of Removal states that "all defendants, including Defendant Janet Lopez, . . . consent to removal of this case. Counsel for Ms. Lopez provided her consent on March 19, 2019." (Doc. 1 at 3.) Within two weeks of removal, Ms. Lopez filed a motion to dismiss and a jury trial demand. (Docs. 4; 6.) And on April 17, 2019, after Plaintiffs informed Ms. Lopez that they planned to file a motion to remand based on lack of unanimous consent, Ms. Lopez filed independent notice that she consented to removal. (Doc. 12.) Plaintiffs argue that this was insufficient to establish consent. (Doc. 15 at 8–16.)

As an initial matter, the Court finds that the County Defendants' notice, coupled with Ms. Lopez's own filing of a motion to dismiss and a jury trial demand, an independent notice of consent, and a response in opposition to the motion to remand, is sufficient to establish unanimity.

Neither the statutory text nor the legislative history provides definitive guidance on how Congress intended multiple defendants to give their consent. While the Court agrees that a written requirement simplifies the process of establishing unanimity for both plaintiffs and courts, it is reluctant to impose a judicially-made procedural requirement that is not found in the statute or in this district's local rules. This result does not run counter to a strict construction of the removal statute, because the statute is silent regarding the form of consent.

Plaintiffs suggest that the Court has found otherwise in past cases. (Doc. 30 at 3 (citing *N.M. Transp. Union v. City of Albuquerque*, No. 1:14-cv-00280 RB/LAM, 2014 WL 12782799, at *3 (D.N.M. Dec. 22, 2014)).) In New Mexico Transportation Union, the Court was called on to determine whether the rule of unanimity was met where one attorney signed the notice of removal on behalf of six defendants. 2014 WL 12782799, at *1. The case is clearly distinguishable because there, one attorney represented all six defendants. *Id.* Thus, his statement that "[a]ll defendants, by and through their undersigned counsel, consent to the removal of this action[,]" did not present the issue currently before the Court. *See id.* And while the Court observed that "courts at all levels of the federal judiciary require written consent by all of the defendants," *id.* at *3 (quotation omitted), the Court finds no need to explicitly reverse itself where this issue was not squarely before it in the pre-2011 amendment case. Plaintiffs did not cite, nor has the Court located, a case in which the issue was squarely before it. *See Romero v. Knee*, No. CV 1:17-1273 RB-KBM, 2018 WL 3966275, at *2–3 (D.N.M. Aug. 17, 2018) (considering motion to remand from non-consenting codefendant); *N.M. Transp. Union*, 2014 WL 12782799, at *3 (denying plaintiff's motion to remand where attorney, who represented all defendants, indicated in notice of removal that all defendants consented to removal); *Doe v. Sunflower Farmers Mkts., Inc.*, 831 F. Supp. 2d 1276, 1278–80 (D.N.M. 2011) (in a case decided before the 2011 amendments, examining the first-

versus last-served defendant rules); *Elvario v. Hernandez*, NO. CIV. 10-cv-00015-RB-WDS, 2010 WL 11623355, at *2 (D.N.M. Apr. 30, 2010) (adopting the last-served defendant rule).[5]

Because it was clear from the notice of removal that the County Defendants actively obtained Ms. Lopez's consent, and Ms. Lopez subsequently indicated that she consented to litigating in this forum and confirmed that she gave her consent to the County Defendants (Doc. 26 at 5), the Court has no doubt as to the propriety of removal. *See Dunn-Edwards*, 728 F. Supp. 2d at 1276.

### E. Ms. Lopez's "untimely" filing of consent does not change the Court's decision.

Plaintiffs next argue that not only was Ms. Lopez required to file independent consent, but the consent was due within 30 days of the date Plaintiffs served the amended complaint on the defendants—no later than April 5, 2019. (*See* Doc. 15 at 15.) Because Ms. Lopez filed consent on April 17, 2019, Plaintiffs contend that it was untimely and the County Defendants have failed to establish unanimity. (*Id.*) Defendants disagree, noting that the removal statute does not contain a time restriction that dictates when non-removing defendants must consent to removal. (*See* Docs. 25 at 6; 26 at 4.)

"The removal statute indicates that a defendant must file a notice of removal within '30 days after receipt by or service on that defendant of the initial pleading or summons,' or not at all." *Padilla*, 282 F. Supp. 3d at 1263 (quoting 28 U.S.C. § 1446(b)(2)(B)). The statute does not specify a time limit for other defendants to join in or consent to removal. Instead, it simply provides that

---

[5] Incidentally, the Court observed in *Elvario* that "[u]nder the first-served rule, the statute would have to read, 'notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the [*first*] defendant . . . of a copy of the initial pleading.'" 2010 WL 11623355, at *2 (quoting 28 U.S.C. § 1446(b)). The Court declined to adopt the first-served defendant rule in part due to its reluctance "to read additional words into the [removal] statute . . . ." *Id.* This reasoning is apropos in the current case, where the Court is disinclined to read into the statute a requirement that dictates a specific form of consent, where the statute does not contain such language.

"[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The statute requires only that all defendants consent to removal; it is silent regarding when that consent must take place." *Padilla*, 282 F. Supp. 3d at 1263 (citing *Griffioen*, 785 F.3d at 1187).

Yet again, there is no Tenth Circuit decision directly on point, and there is a split of authority among the judges in this district as well as in the federal courts that have addressed this issue.[6] The Court will discuss two cases from the District of New Mexico: *Padilla* and *Zambrano*.

In *Padilla*, the plaintiff brought suit in state court against four defendants: GEICO, Brown, Brown Insurance, and American Home. *Id.* at 1240. Plaintiff served Brown and Brown Insurance

---

[6] *See, e.g.*, *Couzens v. Donohue*, 54 F.3d 508, 515 (8th Cir. 2017) (consent from earlier-served defendant filed 31 days after a later-served defendant removed lawsuit and one day after plaintiff moved to remand was timely); *Gary v. City of N.Y.*, No. 18 CIV. 5435 (ER), 2018 WL 5307096, at *1, 2 (S.D.N.Y. Oct. 26, 2018) (finding that "in a multi-defendant case where all defendants must provide the court with written, unambiguous consent to removal within the thirty-day period, a failure to do so amounts to a procedural defect in the removal process and justifies a remand by the federal court") (internal quotation marks, brackets, and citation omitted); *Centura Health Corp. v. Agnew*, No. 18-CV_00569-RBJ, 2018 WL 3454976, at *3 (D. Colo. July 18, 2018) (noting that "whether remand is required because of a defect in obtaining consent that is cured only after the removal period has expired is not entirely certain" but stating that "courts have observed that to give any meaning to the procedural requirement that all defendants consent to or join a notice to remove, such consent or joinder must at the very least be filed before the plaintiff moves to remand") (quotation omitted); *Michalak v. ServPro Indus., Inc.*, No. CV 18-1727 (RBK/KMW), 2018 WL 3122327, at *4–5 (D.N.J. June 26, 2018) (finding that where removing defendant indicated in notice of removal that codefendant consented, and codefendant filed evidence of that consent more than 30 days after service, "policy considerations [did] not suggest remand [was] warranted under the circumstances"); *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *7 (D. Haw. Aug. 25, 2017), report and recommendation adopted, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017) (noting that courts within its own district "disagree regarding whether consent to removal must be filed within the defendant's thirty-day period for removal or within thirty days after the notice of removal is filed") (gathering cases); *Nichols v. Adena Health Sys.*, No. 2:17-CV-187, 2017 WL 2471023, at *2 (S.D. Ohio June 8, 2017) (noting that courts within the Sixth Circuit disagree "about whether there is now a 30-day time limit on consenting to removal") (gathering cases); *see also Ala. Mun. Workers Comp. Fund, Inc. v. P.R. Diamond Prods., Inc.*, 234 F. Supp. 3d 1165, 1168–69 (N.D. Ala. 2017) (finding that mere indication of consent in notice of removal is insufficient to satisfy rule of unanimity, but where codefendant filed independent notice of consent after the 30-day removal period expired, court treated it as a motion to amend the notice of removal under 28 U.S.C. § 1653 and found that unanimity was met).

on May 2, 2016, and GEICO and American Home on May 11, 2016. *Id.* GEICO removed the case to federal court on June 10, 2016, and indicated that Brown and Brown Insurance consented to removal but did not mention American Home. *Id.* On June 17, 2016, seven days after removal and more than 30 days after receiving service of the complaint, American Home filed its own separate notice stating that it consented to removal. *Id.* The plaintiff moved to remand on July 13, 2016, arguing that American Home's consent to removal was untimely under § 1446(b)(2)(A). *Id.* at 1240, 1263. The *Padilla* court noted that the statute is silent regarding a time frame for multiple defendants to join in or consent to removal. *Id.* at 1263. "Congress chose to 'lay[ ] out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it,' but chose not to 'define[ ] with equal specificity the form of or time for consent . . . .'" *Id.* (quoting *Griffioen*, 785 F.3d at 1187). Thus, the court found that there "is no explicit time limit for a defendant to consent to removal" and American Home's notice was timely. *Id.* at 1264–65; *see also Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017) (where removing defendants did not indicate whether non-removing codefendant (KCCL) consented to removal but later filed a motion to dismiss and attached a declaration from KCCL in support, and KCCL filed independent consent one day after plaintiff moved to remand and well over 30 days after KCCL was served, Eighth Circuit was "reluctan[t] to apply the unanimity requirement in a 'hypertechnical and unrealistic manner'" and denied remand) (quoting *Griffioen*, 785 F.3d at 1187).

Taking the opposite view, Judge Johnson found that all defendants must either sign the notice of removal or file independent and unambiguous consent within 30 days of the date of the last-served defendant. *Zambrano*, 256 F. Supp. 3d at 1183. He observed that while § "1446(b)(2)(A) does not appear to contain a time limitation[,]" it "does contain a time window,

giving each defendant thirty days after receipt of the initial pleading or summons to file a notice of removal." *Id.* at 1184. Judge Johnson opined that allowing a longer period would be "untenable," because there could be "a situation where a plaintiff would not discern whether removal was properly effectuated until after the plaintiff's thirty-day window to move to remand the case had elapsed under 28 U.S.C. § 1447(c)(2), wholly depriving the plaintiff of the ability to move to remand a case." *Id.*

Discussing this issue, the court in *Centura Health Corp. v. Agnew* stated that "to give any meaning to the procedural requirement that all defendants consent to or join a notice to remove, such consent or joinder must at the very least be filed before the plaintiff moves to remand." No. 18-CV-00569-RBJ, 2018 WL 3454976, at *3 (D. Colo. July 18, 2018). The court explained that it did not read the *Padilla* court's finding that defendants have "*carte blanche* to file their consent at any time. Instead, . . . 'defendants face a de facto time limit for consent to removal' because a motion to remand a case must be made within thirty days after the notice of removal is filed." *Id.* at *4 (quoting *Padilla*, 282 F. Supp. 3d at 1265). "Thus, '[d]efendants must either assert that they do not consent to removal within those thirty days or they are treated as if they had consented insofar as their lack of consent can no longer cause a court to remand the case.'" *Id.* (quoting *Padilla*, 282 F. Supp. 3d at 1265). The *Centura Health* court reads the *Padilla* holding to apply in the "limited context where the plaintiff fails to file a motion to remand within the thirty day deadline. Because plaintiffs bear the burden of remanding for procedural violations, they may waive defendants' noncompliance with procedures by failing to timely remand." *Id.* In *Centura Health*, three defendants removed the lawsuit to federal court, and the remaining two defendant neither signed the notice of removal nor filed an independent consent to removal. *Id.* at *2. Thirty days later, the plaintiff filed a motion to remand on the basis that there was no unanimity. *Id.* The

two remaining defendants later filed a response in opposition to the motion, as well as independent notice of consent. *Id.* The court granted remand and found that "though there might not be a definitive statutory deadline within which defendants must obtain unanimous consent to remove a case, the de facto deadline must be sometime before the end of the thirty day period in which plaintiffs may seek to remand the case." *Id.* at *5.

Plaintiffs note that in the legislative history of the 2011 amendments, Congress's express intent in amending § 1446(b)(2)(A) was to codify the "last-served defendant" rule. (*See* Doc. 30 at 8.) *See also* H.R. Rep. 112-10, 14, 2011 U.S.C.C.A.N. 576, 580. Plaintiffs quote language from the legislative history that clarifies the amended statute "does not allow an indefinite period for removal; plaintiffs could still choose to serve all defendants at the outset of the case, thereby requiring all defendants to act within the initial 30-day period." *Id.* Plaintiffs contend that this language makes clear Congress's intent that all defendants must unambiguously consent to removal within 30 days of the date each was served. (Doc. 30 at 8.) But the language Plaintiffs refer to specifically relates to § 1446(b)(2)(b)—the section that provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . ." It does *not* relate to § 1446(b)(2)(A), the paragraph at issue here. Moreover, the next sentence of the legislative history detracts from Plaintiffs' position. It states that the amended language "clarifies the rule of timeliness and provides for equal treatment of all defendants in their *ability to obtain Federal jurisdiction* over the case against them without undermining the Federal interest in ensuring that defendants *act with reasonable promptness in invoking Federal jurisdiction*." 2011 U.S.C.C.A.N. at 580 (emphasis added). This language illustrates that the 30-day time period applies only to the initial notice of removal—the action that "invokes Federal jurisdiction." *Id.*

Ultimately, the Court finds *Padilla*'s and *Centura Health*'s reasoning persuasive. Because the statute is silent on the time frame for all defendants to consent to removal, the Court is reluctant to impose a definitive time limit. And while the circumstances of this case do provide a very close call, the Court finds that Ms. Lopez's consent, filed before Plaintiffs filed their motion to remand and supplemented by her previous filing of a jury trial demand and an amended motion to dismiss, was timely and sufficient.[7]

### F.    Ms. Lopez did not waive her right to consent to removal.

Plaintiffs argue that Ms. Lopez manifested an intent to litigate in state court by filing an election to excuse the assigned judge and a motion to dismiss for failure to state a claim and thus waived her ability to consent to removal. (Doc. 15 at 16.) Plaintiffs contend that this conclusion is compelled by the Tenth Circuit's decision in *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089 (10th Cir. 2017), *cert. denied sub nom.*, 138 S. Ct. 983 (2018). In that case, the City sued Soto in state court, asserting various state law claims. *Id.* at 1091. "[T]hough the City had not yet served process on Soto, Soto filed three documents in state court in response to the

---

[7] Even if Ms. Lopez should have filed her express consent within 30 days of the date she was served, an argument could be made that such a deadline was a procedural defect that she cured when she filed her consent on April 17, 2019.[7] *Cf. Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012) (finding that failure to attach summons to notice of removal "is a procedural defect that can be cured, either before or after the 30-day removal period") (citation omitted).

To that end, Plaintiffs also complain that Ms. Lopez filed her notice of consent only after they contacted her, pursuant to D.N.M. LR-Civ. 7.1(a), to seek her position on their motion to remand. (Doc. 15 at 1 n.1, 12.) The Court is unsympathetic. The purpose of Local Rule 7.1(a) is for parties to confer, in good faith, in an attempt to "work out mutually agreeable solutions to kinks that may arise" in a lawsuit. *See N.M. ex rel. Balderas v. Valley Meat Co., LLC*, No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *20 (D.N.M. May 20, 2015); *see also Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (noting that the purpose of the District of Colorado's local "Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue"). The Court declines to encourage litigants to try to game the system—waiting until the last possible moment to confer with opposing counsel about a potential issue, when the parties could amicably and honestly resolve the problem.

complaint[,]" including a motion to dismiss for failure to state a claim and an answer. *Id.* Shortly thereafter, on the same day it filed these documents, Soto filed a notice of removal to federal court under 28 U.S.C. §§ 1441, 1446, and 1332. *Id.* The City moved to remand on the basis that Soto implicitly waived its right to remove the case by filing a motion to dismiss. *Id.* at 1092. The Tenth Circuit noted that while a defendant may "filed an answer in state court without waiving removal, *see* Fed. R. Civ. P. 81(c)(2), . . . Soto waived removal by also filing a motion to dismiss in state court." *Id.* at 1098. By submitting a motion on the merits of the case in the state court, Soto "indicat[ed] a willingness to litigate in that tribunal . . . ." *Id.* (quotation omitted).

*Soto* is clearly distinguishable from the facts at hand. Here, the County Defendants filed the notice of removal, Ms. Lopez did not. And as defendants point out, Plaintiffs have not asserted any claims against Ms. Lopez that would be removable. (*See* Docs. 25 at 7; 26 at 8.) "The Court should be especially reluctant to take away one defendant's Congressionally-bestowed right to remove because of another defendant's actions. A defendant may not itself want to remove, but does not mind consenting to another defendant's request to remove."[8] *May v. Bd. of Cty. Comm'rs for Cibola Cty.*, 945 F. Supp. 2d 1277, 1300 (D.N.M. 2013); *see also Mammel v. Sandia Automotive Grp.*, No. 1:17-CV-04140SWS/MLC, 2017 WL 8315920, at *1 (D.N.M. May 11, 2017) (declining to find that non-removing defendant had demonstrated an intent to litigate in state court by exercising a challenge to the state court judge).

---

[8] The facts of *May* are somewhat similar, but Plaintiffs distinguish *May* because there, the non-removing defendant filed a motion to dismiss based on improper venue rather than on the merits, as Ms. Lopez did here. (*See* Doc. 30 at 9–10 (discussing *May*, 945 F. Supp. 2d at 1300).) It is true that Judge Browning observed that the defendant in *May* did not show a clear intent to litigate in state court in part because the motion to dismiss was not based on the merits. 945 F. Supp. 2d at 1300. Regardless, the above-quoted language holds true in this case. The Court also notes that the plaintiff in *May* asserted federal claims against the non-removing defendant. *See* 945 F. Supp. 2d at 1282. Even so, Judge Browning found that the non-removing defendant—who *could have* removed the case himself, unlike Ms. Lopez—had not waived his right to consent to removal. *Id.* at 1300.

Plaintiffs quote from an unpublished case out of the Eastern District of Kentucky in their reply brief. (Doc. 30 at 11 (quoting *Onders v. Ken. State Univ.*, No. CIV.A. 3:11-45-DCR, 2011 WL 6009643, at *3 (E.D. Ky. Dec. 1, 2011)).) The *Onders* court held that "[w]hen a defendant waives its right to remove by manifesting its intent to have its case adjudicated in state court, it also waives its right to consent to a notice of removal brought by a co-defendant." 2011 WL 6009643, at *3 (citation omitted). The facts of *Onders* are also distinguishable. There, the plaintiff brought state *and federal* claims against defendant Kentucky State University (KSU), and the parties "actively litigated" in state court for two years: they exchanged discovery, KSU moved for summary judgment, and the fully briefed motion was submitted to the state court for decision. *Id.* at *1. Thereafter, the plaintiff received leave to file an amended complaint and added claims against several new defendants. *Id.* KSU consented to the removal. *Id.* The plaintiff moved to remand and argued that KSU had waived its right to consent. *Id.* at *2. The court held that KSU had its chance to remove and waived it by actively litigating for two years before the new defendants removed the lawsuit. *Id.* at *3. *Onders* is inapposite, because Ms. Lopez, unlike KSU, neither actively litigated for a lengthy period of time nor did she ever have a right to removal.[9]

---

[9] Plaintiffs also cite *Harvey v. Ute Indian Trib* [sic] *of Uintah and Ouray Reservation*, No. 2:13-CV-00862, 2014 WL 2967468 (D. Utah July 1, 2014), in support of their argument. (*See* Doc. 30 at 11.) The *Harvey* court relied on *Onders* in granting a motion to remand, but the circumstances are similarly inapposite. There, plaintiffs brought state and federal claims against four defendants. 2014 WL 2967468, at *1. The state court ordered the plaintiffs to re-serve one of the defendants (the Ute Indian Tribe) after the court heard oral argument on the defendants' joint motion to dismiss based in part on insufficient service of process. *Id.* at *1–2. After the plaintiffs filed an amended complaint and re-served the Tribe, the Tribe filed a notice of removal. *Id.* at *2. The court found that the other three initial defendants, all of whom had joined in the motion to dismiss, had waived their right to consent to removal. *Id.* at *3. *Harvey* is distinguishable both because the plaintiffs there brought federal claims against *all* defendants (whereas plaintiffs here did not bring federal claims against Ms. Lopez), and the *Harvey* defendants fully briefed a motion to dismiss and participated in oral argument.

Plaintiffs have not cited any binding precedent that dictates a finding that Ms. Lopez waived consent under these circumstances. Ms. Lopez did not have the choice to remove the case herself, and the Court declines to deny the County Defendants their right to remove based on Ms. Lopez's limited activity in state court.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion and Memorandum to Remand to State Court Pursuant to 28 U.S.C.A. § 1446 and § 1447(c) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE