IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANNON SZUSZALSKI, as personal representative
for the ESTATE of LINDA BARAGIOLA,
and SHANNON SZUSZALSKI, individually,
    Plaintiffs,

No. 19-CV-00250 RB/CG

v.

RUDY FIELDS,
SANDOVAL COUNTY BOARD OF
COMMISSIONERS,
SHERIFF DOUGLAS C. WOOD,
JANET LOPEZ,
    Defendants.

## **MOTION TO CLARIFY SEPTEMBER 17, 2019 ORDER [Doc. 78]**

Comes Now, Defendants Sandoval County Board of Commissioners, Sheriff Douglas C. Wood and Rudy Fields, by and through their counsel of record, Esquivel & Howington, LLC (Martin R. Esquivel) and respectfully requests clarification of the Court's Order of September 17, 2019 [Doc. 87] given competing interpretations of the Order and the parties' inability to resolve the issues in dispute.

This matter arose over a Motion to Compel filed by Plaintiff which related to written discovery responses and initial disclosures. [Doc.60] Defendants seek to clarify the Court's September 17, 2019 Order on two issues: 1) whether the Order granting attorney fees applied to the entire Motion to Compel which was resolved by the parties through a process of compromise and without a hearing that included any findings in addition to any findings of whether Plaintiffs met the "good faith" standard prior to filing the Motion to Compel, and 2) whether the Plaintiff is entitled to an award of attorney fees through a so-called "blended rate" which does not separate attorney and legal assistant time, and was only disclosed after questions were raised about the propriety of the attorney fees. Defendants argue that they operated under the assumption that no

attorney fees were still at issue regarding the Motion to Compel as they actively and successfully resolved the issues. Further, Plaintiffs' approach to requesting attorney fees attempts to circumvent the Court and avoids disclosure of who actually performed the work at the appropriate rate with the threat of incurring additional fees by challenging the award.

Defendants attest that they attempted to work in good faith to resolve this matter with Plaintiffs, but could not reach a resolution. Plaintiffs do not concur with this motion, per their email on January 6, 2020.

I. **Background Regarding Resolved Discovery Issues**

Plaintiff's Motion to Compel pertained in large part to interrogatories, requests for production and requests for admissions to the Sandoval County Defendants and Deputy Rudy Fields. Plaintiffs' Motion did not set out the full scope of Defendants' attempt to address many of those issues prior to the Motion being filed. Defendants proactively sought to resolve the matter through an August 16, 2019 meeting. This meeting resulted in all issues being resolved prior to a hearing with no findings with regard to the merit of the objections or discovery responses at issue. Defendants never believed that the compromise, which resulted in an Amended Joint Status report, included attorney fees for the entire Motion, since an earlier agreement implied the Motion to Compel would be withdrawn if certain issues were resolved by September 5, 2019. Rather, Defendants agreed to pay attorney fees for an earlier Order pertaining to a Motion to Compel over initial disclosures.[1]

Prior to filing the Motion to Compel, Plaintiff wrote letters to counsel requesting supplementation. One letter was sent on June 25, 2019 contesting responses to Rudy Fields'

---

[1] Remaining issues beyond September 5, 2019 were the result of waiting on documents to be provided by third parties. Nevertheless, all discovery issues were resolved by September 12, 2019.

Answers to Interrogatories (10, 11, 12), Responses to Request for Admissions (2) and Responses to Requests for Production (2, 3 and 5).  Defendant responded to Plaintiffs' letter on July 17, 2019 addressing RFP 2, 3, 4, 5 while noting an inspection of the vehicle was allowed on July 10, 2019. (Exh. A)  Defendant also supplemented Defendant Fields discovery responses on July 31, 2019. [Doc. 58]

On August 2, 2019, Defendants again supplemented discovery on August 2, 2019 and sent Plaintiffs a four-page letter which addressed and explained many of the issues and complicating factors. [Doc. 59] The letter notes Defense counsel attempted to call Plaintiff's counsel to discuss the pending issues on August 2, 2019. (Exh. B)  This was never an issue of ignoring Plaintiff inquiries regarding supplementation or failing to meet discovery response deadlines.

II. **Failure to Exercise Good Faith Prior to Filing Motion to Compel**

On August 7, 2019, Plaintiffs abruptly emailed another letter to Defendant stating that unless she received supplementation within 24 hours, she would file a Motion to Compel. (Exh. C) This letter broadly contested the following:  1) answers and responses to discovery without any specifics, 2) responses to requests for production served on Sandoval County without any specifics.  Neither of these requests actually identified what was incomplete, nor referenced the Defendants' extensive August 2, 2019 letter.  It requested a 911 call which Defendants did not possess, and the burglary report on September 28, 2019, which was later provided.

Plaintiffs' August 7, 2019 letter also requested a complete accident reconstruction report by JT Hayes, which did not exist at that time.  The request for production with respect to this matter did not appear to clearly request this information.  Other responsive data was subsequently disclosed by Defendants.

3

Defendants counsel responded to Plaintiffs the morning of August 8, 2019, stating he was attending a two-day meeting out of town and the short time frame to respond was not in good faith. (Exh. D) Plaintiffs' 24-hour edict on August 7, 2019, without identifying what answers and responses were still at issue, falls far short of any good faith effort especially given Defendants' counsel's letter and supplementation only days earlier. Nevertheless, Defendants' supplementation on July 31, 2019 and August 3, 2019 demonstrates they were working to resolve ongoing issues.

On August 13, 2019, this Court held status conference. At that status conference, Defendants' counsel explained that certain audio recordings requested by Plaintiffs were not in Sandoval County's control. He also made the offer to meet with Plaintiffs' counsel to discuss the outstanding issues on August 16, 2019. The parties did meet that day and went over the issues. Plaintiffs' counsel sent a letter memorializing the meeting which included an agreement to withdraw the Motion to Compel if matters were resolved by September 5, 2019. After that meeting, Defendants supplemented discovery on August 20, 21 and 30, 2019. [Doc. 69, 71, 71 and 77]. Defendants were not able to supplement other discovery until September 6, 2019 and September 11, 2019 [Doc. 71 and 77].

Per Plaintiffs' request, Defendants filed a Response to Plaintiff's Motion to Compel explaining the circumstances surrounding the Initial Disclosures and their supplementation of discovery through August 22, 2019 which was the date of filing. Defendants noted in the Response that a certain area of inquiry posed difficulties as the requested records were not in possession of Defendants as originally believed.

To wit, certain discovery requested by the Plaintiffs pertained to audio dispatch records. Sandoval County is not actual custodian of these records responsive to this request. The

custodian is a separate agency called the Sandoval County Regional Emergency Communications Center. Despite its name, SCRECC is not a county-operated agency. It receives and dispatches all police, fire, medical, and animal control emergency 911 and non-emergency calls for Sandoval County. It also provides services for Rio Rancho Police, Bernalillo Police Department, Corrales Police Department, Santa Ana Police Department, Jemez Springs Police Department, Jemez Pueblo Police Department, San Ysidro Police Department, Rio Rancho Fire and Rescue, Sandoval County Fire Department, Bernalillo Fire Department and Corrales Fire Department. Defendants eventually had to subpoena these records in an effort to resolve the discovery dispute and did so in good faith. After it obtained these records, they provided them to Plaintiffs.

Unbeknownst to Defendants, Plaintiff's legal assistant, Jack Jacks, had been making simultaneous *ex parte* contacts with Sandoval County regarding these same records through requests under the New Mexico Inspection of Public Records Act. In doing so, confusion was caused with regard to these requests. The Sandoval County Attorney later notified Plaintiff's counsel that contacts on matters outside of Defendants counsel's knowledge were improper, including Mr. Jacks status as a lawyer or a legal assistant. (Exh. E)

After the August 22, 2019 Response to Plaintiffs' Motion to Compel, Defendants also supplemented their discovery on August 30, 2019 [Doc. 77].

The Court previously requested that the parties file a Joint Status Report regarding any outstanding issues remaining to be heard on the Motion to Compel. This report was filed on September 5, 2019 [Doc. 5]. However, on that same day, Plaintiff filed a Reply brief which contradicted the Status Report with regard to the outstanding issues. [79] The Reply was misleading, as it asserted nineteen (19) unresolved issues. Many of these new "issues" were

actually mere facts used to support Plaintiffs' theories which have not been identified prior to the Motion to Compel being filed.

The Court then called a status hearing on September 6, 2019 to question Plaintiffs' counsel regarding the contradicting nature of the Joint Status Report and the Reply brief. The Court then requested the parties to file an Amended Joint Status Report to clarify what, if anything, remained outstanding. Subsequently, the parties resolved all issues and filed an Amended Joint Status Report. [Doc. 86] Defendants operated under the belief the Motion to Compel had been resolved and that they agreed to pay attorney fees under the June 24, 2019 Order. [Doc. 52]. Defendants'agreed to pay the attorney fees award on the initial disclosures, but there was not a motion for further attorney fees.

This Court subsequently issued an Order on September 17, 2019 on the Plaintiff's Motion to Compel. Defendants believed that since the parties had entered an agreement to resolve the issues that the Motion to Compel would be withdrawn. Defendants believed the Order pertained to the earlier award of attorney fees in the Initial Disclosure which Plaintiff. That amount has been paid.

As a result of attempting to resolve this matter under the belief the Motion to Compel would be withdrawn, Defendants were not able to argue Plaintiffs' failure to meet the good faith standard or that the discovery issues and prior objections were not worthy of sanctions. Furthermore, the Order is absent of any findings other than the issue of Initial Disclosures to substantiate Plaintiff's request for attorney fees on the discovery issues which were resolved.

III.  **Background Regarding Plaintiffs' Request for Attorney Fees**

On October 21, 2019, Plaintiffs submitted an invoice to Defendants in the amount of $13,526,80 requesting payment without first applying to the Court for these fees. (Exh. F) The

6

invoice reflected time for the Motion to Compel at a rate of $250 per hour without reference to specific time performed by Plaintiffs' counsel or her legal assistant, Mr. Jacks, who is no longer a licensed attorney in the State of New Mexico. Defendants contested the invoice based on the circumstances of the September 17, 2019 Order and the failure to file a fee petition with the Court. (Exh. G)

On November 19, 2019, Plaintiffs subsequently threatened to bring a "motion for fees" without first providing the Court with an attorney fee affidavit. (Exh. H) Plaintiffs stated they would hire separate fee counsel to pursue the fees, seeking to "potentially double the sanctions already imposed on your clients." Despite no actual award of a monetary amount, the implication was that if Defendants' did not pay the entire amount immediately, the fee would become more expensive with "outside counsel.

On December 3, 2019, Defendants responded to a letter from Plaintiff's counsel. (Exh. I) That letter set forth the belief that the September 17, 2019 Order was not clear especially given what appeared to be an agreement by the parties to withdraw the Motion to Compel. Furthermore, it raised the issue of whether the briefing was conducted by legal assistant Mr. Jacks or Plaintiffs counsel, and what hourly rate applied to each. Plaintiffs did not respond to this for over a month.

On January 2, 2019, Plaintiff provided a Petition for Attorney fees (only after being asked in an email) explaining the invoice was for a "blended rate" but still refusing to advise the specific time spent or the the rates for everyone who performed the work. (Exh J.) When counsel was questioned about the so-called "blended rate" she explained it was common practice, but provided no precedent that this had been previously allowed in the United States District Court. To defense counsel's knowledge, it was necessary for her Plaintiffs' counsel to apply to practice

before this Court in March 2019. Defendants' counsel has no knowledge of whether she had ever been certified to practice in the U.S. District Court prior to that time.

Defendants also maintained their belief that Mr. Jacks had performed most, if not all, of the briefing in this matter, thus calling into question the rate of $250.00 per hour. If so, it appears that Plaintiffs' counsel is seeking an exorbitant rate for a legal assistant who was once a practicing lawyer. The fact that Plaintiffs refuse to disclose his time or rate with regard to this motion is suspect.

IV. **Conclusion**

Defendants respectfully request a clarification of the scope of the Court's September 17, 2019 Order based on the circumstances raised in this brief. Those circumstances include that, while Defendants understood attorney fees were part of the Amended Disclosures issue, they were not under the belief that attorney fees would be applicable to the motion on contested answers to interrogatories, responses to requests for production and requests for admission without a hearing and no findings. Extenuating circumstances are abounding in this discovery matter, including ex parte contacts, documents which had to be subpoenaed from third parties, multiple supplementation and the lack of a true good faith effort prior to filing the Motion to Compel.

Finally, the mechanism used by the Plaintiff to demand $13,526 in a "blended rate" for attorney fees with the threat of additional sanctions is questionable. Plaintiff appeared to be under the impression that it was not required to submit an affidavit to the Court for attorney fees, and has taken steps to avoid specific justification for the amount requested. If there is an award of attorney fees, Defendants request that the Order be clarified to instruct Plaintiffs to disclose the time spent by counsel and her legal assistant.

Respectfully submitted,

**ESQUIVEL & HOWINGTON, LLC**

By: /s/ Martin R. Esquivel
MARTIN R. ESQUIVEL
*Attorney for Sandoval County Defendants*
111 Lomas Blvd., NW, Ste. 203
Albuquerque, NM 87102
T: (505) 933-6880
mesquivel@esqlawnm.com

I HEREBY CERTIFY that on the 6th day of January 2020,
I filed the foregoing electronically through CM/ECF, which
caused all Counsel of Record to be served by electronic means:

Cristy J. Carbón-Gaul
10515 4th Street NW
Albuquerque, NM 87114
T: (505) 899-5696
E: cristy@carbon-gaul.com

*/s/ Martin R. Esquivel*
Martin R. Esquivel