IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANNON SZUSZALSKI, et al.,

        Plaintiffs,

v.                                                                                                        No. CV 19-250 RB/CG

RUDY FIELDS, et al.

        Defendants.

## ORDER TO SUBMIT DOCUMENTS FOR *IN CAMERA* REVIEW

**THIS MATTER** is before the Court on *Defendants Sandoval County Board of Commissioners, Rudy Fields, and Douglas Wood's Motion Compel Production of Non-Privileged Notes by Expert Witness* (the "Motion to Compel"), (Doc. 119), filed January 6, 2020; *Plaintiffs' Response to Defendants Sandoval County Board of Commissioners, Rudy Fields, and Douglas Wood's Motion Compel Production of Non-Privileged Notes by Expert Witness [Doc 119]*, (Doc. 128), filed January 15, 2020; and *Defendants' Reply in Support of Their Motion to Compel Production of Non-Privileged Notes by Expert Witness [Doc 119]*, (Doc. 138), filed January 22, 2020.

After reviewing the parties' submissions and the relevant law, the Court rejects Plaintiffs' argument that Defendants' Motion to Compel should be procedurally denied for their failure to comply with Local Rules 7.1 and 26.6. *See* (Doc. 128 at 2). The Court's decision to summarily deny a motion for failure to comply with the local rules is discretionary. *See* D.N.M.LR-CIV 7.1(a) (explaining a party's failure to seek concurrence on a motion *may* result in a summary denial). In addition, Defendants have produced letters exchanged by counsel which illustrate they sought to resolve this dispute before filing their Motion to Compel and substantively advised Plaintiffs of their intention to file their motion if a satisfactory resolution was not achieved. (Doc. 138 at 2).

As a result, the central purpose of Rule 7.1(a)'s requirement to seek concurrence from opposing counsel has been satisfied, even if Defendants did not specifically ask Plaintiffs if they opposed the Motion to Compel. *See* (Doc. 128 at 3) ("On November 25, 2019 County Defendants sent a good faith letter requesting the redacted pages be disclosed.") (internal quotations omitted). Indeed, Plaintiffs' opposition to Defendants' filing their Motion to Compel is apparent from the parties' communication. *Id.* at 3-4 ("Plaintiffs responded on January 6th informing County Defendants that Plaintiffs' position on the documents had not changed.").

The Court also notes Plaintiffs' contention that the Motion to Compel is untimely. (Doc. 128 at 2). The Court agrees. However, the Court finds that in the interest of achieving a speedy resolution to the parties' continued discovery disputes, the Court will issue a ruling on the merits of Defendants' Motion to Compel. *See* D.N.M.LR-CIV 1.7 (explaining the Local Rules may be waived to "avoid injustice"); (Doc. 119 at 10) (requesting that Defendants be permitted to depose Plaintiffs' expert a second time to remedy their withholding of information).

Before deciding the Motion to Compel, the Court shall order Plaintiffs to submit the five pages they claim are protected by attorney-client privilege. (Doc. 128 at 3). The Court will conduct an *in camera* review of the disclosed material and will issue an Order on Defendant's Motion to Compel.

**IT IS THEREFORE ORDERED** that Plaintiffs shall submit the five pages they assert privilege over to garzaschambers@nmd.uscourts.gov no later than **February 3, 2020**, for an *in camera* review.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE