IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANNON SZUSZALSKI, et al.,

        Plaintiffs,

v.                                                                           No. CV 19-250 RB/CG

RUDY FIELDS, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiffs' Petition and Memorandum for Attorney's Fees and Costs as Ordered by the Court on September 17, 2019 Pursuant to Rule 37(b)(2)(C) – See [DOC 88 p.2] and for Fees and Costs Associated with the Filing of this Petition for Sanctioned Fees* (the "Motion for Attorney Fees"), (Doc. 120), filed January 7, 2020; Defendants' *Response to Motion for Award of Attorney Fees* ("Defendants' Response"), (Doc. 126), filed January 15, 2020; and *Plaintiffs' Reply to County Defendants' Response to Petition and Memorandum for Attorney's Fees and Costs as Ordered by the Court on September 17, 2019 Pursuant to Rule 37(b)(2)(C) – See [DOC 88 p. 2] and Fees and Costs Associated with the Filing of this Petition for Sanctioned Fees* ("Plaintiffs' Reply"), (Doc. 136), filed January 22, 2020.

This matter is also before the Court on Defendants' *Motion to Clarify September 17, 2019 Order [Doc. 78]* (the "Motion to Clarify"), (Doc. 118), filed January 6, 2020 and *Plaintiffs' Response to County Defendants' Motion to Clarify September 17, 2019 Order [Doc. 78] [sic] [DOC 118] and Plaintiffs' Request to Strike Motion [DOC 118] for Violating Rule 11(b)(2)* ("Plaintiffs' Response"), (Doc. 127), filed January 15, 2020. Defendants did not serve a Reply in support of their Motion, and the time for doing so

has now passed. *See* D.N.M.LR-CIV 7.4(a) (explaining a "reply must be served and filed within fourteen (14) calendar days after service of the response.").

Having reviewed the parties' filings and the relevant law, the Court finds *Plaintiffs' Petition and Memorandum for Attorney's Fees and Costs as Ordered by the Court on September 17, 2019 Pursuant to Rule 37(b)(2)(C) – See [DOC 88 p.2] and for Fees and Costs Associated with the Filing of this Petition for Sanctioned Fees*, (Doc. 120), is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' *Motion to Clarify September 17, 2019 Order [Doc. 78]*, (Doc. 118), is **DENIED**. In accordance with the Court's analysis described herein, Plaintiffs are assessed attorney fees in the amount of **$5,770**, to be paid by Defendants no later than **February 25, 2020**.

## I.     Procedural History

This case arises from the September 28, 2017, death of Linda Baragolia, who was killed by Defendant Rudy Fields when his police vehicle ran over her head and torso. (Doc. 1-2 at 3, 6). Defendants removed this case from the Thirteenth Judicial District Court in the State of New Mexico on March 21, 2019. (Doc. 1 at 1). The Court held a Rule 16 Scheduling Conference on May 23, 2019 and set this case on a 150-day discovery track. (Doc. 35 at 1). At the Rule 16 hearing, "[t]he Court urged the parties to work together to find common solutions to early discovery disputes." (Doc. 36 at 1). After prompting from the Court, "[c]ounsel for Defendants indicated that he [would] provide Plaintiffs' counsel his initial disclosures by Thursday, May 30, 2019, at 5pm." *Id.*

Despite the Court's instruction for defense counsel to submit his initial disclosures, Plaintiffs filed a Motion to Compel one week later, alleging Defendants had not provided their mandatory materials. (Doc. 44). The Court granted Plaintiffs' Motion to Compel on June 24, 2019, following Defendants' failure to respond to Plaintiffs'

Motion. (Doc. 52). In the Court's Order granting Plaintiffs' Motion to Compel, the Court ordered Defendants to pay "all of Plaintiffs' attorney fees related to the filing of th[at] Motion." *Id.* at 1. Defendants' counsel paid Plaintiffs $2,860 in accordance with the Court's Order. (Doc. 120-2 at 1).

On August 8, 2019, Plaintiffs' filed a second Motion to Compel, alleging Defendants did not comply with the Court's Order to produce their initial disclosures. (Doc. 60). The following day, the Court set a motion hearing to hear oral argument on Plaintiffs' second Motion to Compel. (Doc. 62). On August 13, 2019, the Court held a preliminary telephonic status conference to understand the scope of the allegations proffered in Plaintiffs' second Motion to Compel. (Doc. 63). At the status conference, counsel for Defendants explained, "he would like the full two-week period to respond to Plaintiffs' motion." (Doc. 63 at 1). The parties also advised the Court that they planned to meet on August 16, 2019, "to discuss the outstanding discovery requests delineated in Plaintiffs' motion." *Id.* In closing, the Court "advised counsel that it will rule on the merits of the pending motion at the scheduled motion hearing." *Id.* The Court also "instructed the parties to send the Court a brief report outlining the remaining discovery disputes" before the motion hearing. *Id.*

The parties timely submitted their Report outlining the remaining discovery disputes on September 5, 2019. (Doc. 78). At the same time, Plaintiffs submitted their Reply in support of their second Motion to Compel. (Doc. 79). The Court held a status conference the following day, September 6, 2019, to reconcile the conflicting information provided in the parties' Report and Plaintiffs' 47-page Reply. (Doc. 81 at 1). At the status conference, the parties were unable to clarify the discovery disputes currently pending before the Court. *Id.* As a result, the Court expressed concern

regarding the parties' ability to adequately present the issues for argument and vacated the scheduled motion hearing. *Id.* Instead, the Court ordered the parties to submit an amended report by September 12, 2019. *Id.* at 2. The Court instructed counsel to "enumerate each remaining discovery dispute with reference to the discovery requested." *Id.* In addition, the Court advised counsel to "specify a legal or factual basis for each objection and [] list all efforts and communications made to retrieve the requested discovery." *Id.*

On September 12, 2019, the parties submitted their amended report and indicated that all discovery disputes were "presently resolved." (Doc. 86). As a result of the parties' representations, the Court entered an Order granting in part and denying in part Plaintiffs' second Motion to Compel and ordered Defendants to pay all fees associated with the Motion. (Doc. 88). The present Motion for Attorney Fees and Motion to Clarify both relate to Plaintiffs' second Motion to Compel and the Court's subsequent Order. *See* (Doc. 88).

**II.    Defendants' Motion to Clarify**

In Defendants' Motion to Clarify, they present two challenges to the Court's September 2019 Order. (Doc. 118). First, Defendants posit that the Court's resolution of Plaintiffs' second Motion to Compel should not have resulted in an award of attorney fees to Plaintiffs. *Id.* at 1. In support of this argument, Defendants contend Plaintiffs failed to make a good faith effort to confer before filing their Motion to Compel, and the Motion to Compel was ultimately resolved through "a process of compromise." *Id.* at 3-6. In addition, Defendants argue the amount of attorney fees Plaintiffs have requested, in excess of $13,000, is unsubstantiated by their affidavit. *Id.* at 6-7. In response, Plaintiffs assert Defendants' Motion to Clarify is "frivolous and violates Rule 11(b)(2) by

4

arguing meritless legal contention[s]…." (Doc. 127 at 20). As a result, Plaintiffs argue not only should Defendants' Motion to Clarify be denied, but Defendants should be sanctioned for filing it. *Id.* at 21-22.

As a preliminary matter, the Court notes that Defendants' Motion to Clarify goes beyond a mere request for the Court to "clear up" any alleged inconsistency in its prior Order. Specifically, Defendants proffer several arguments against the imposition of attorney fees, which have already been awarded by written Order of the Court. *See* (Doc. 88). Taking Defendants' Motion to Clarify literally, it remains crystal clear that Defendants were ordered to pay Plaintiffs' attorney fees for their second Motion to Compel. However, in light of Defendants' veiled attempt to persuade the Court to reconsider its previous Order assessing attorney fees, the Court will construe Defendants' Motion to Clarify as a motion for reconsideration.

A motion to reconsider does not permit a party to "reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Indeed, a motion to reconsider is only appropriate in specific circumstances, including when there is: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Simply put, a motion for reconsideration is the proper remedy when a court "misapprehended the facts, a party's position, or the controlling law." *Id.* It is plainly not the right vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

5

Under the appropriate framework of a motion to reconsider, Defendants' arguments in opposition to the Court's Order assessing attorney fees do not allege newly discovered facts or evidence not previously available at the time the second Motion to Compel was filed. As a result, the Court will construe Defendants' briefing as an attempt to present "the need to correct clear error or prevent manifest injustice." However, Defendants' arguments are unavailing because they should have been advanced in their original response to Plaintiffs' second Motion to Compel. *See Servants of Paraclete*, 204 F.3d at 1012 (explaining a motion to reconsider does not present an opportunity for counsel to "advance arguments that could have been raised in prior briefing").

The Court made several attempts to ascertain the scope of the parties' arguments and afforded both sides a fair opportunity to respond to the issues presented in Plaintiffs' second Motion to Compel. *See* (Doc. 62); (Doc. 63); (Doc. 78); (Doc. 80); (Doc. 81); (Doc. 82); (Doc. 86). Specifically, the Court held two status conferences to discuss the contours of Plaintiffs' Motion, required the parties to submit two reports on the status of Plaintiffs' requested discovery, and afforded Defendants the full two-week period to formally respond in writing to Plaintiffs' contentions. *See id.* Notably, despite specifically inquiring with defense counsel about how much time he would need to respond to Plaintiffs' second Motion to Compel, his response totaled only four pages. *See* (Doc. 63); (Doc. 73).

Defendants contend they did not originally present argument on the issue of attorney fees because they believed Plaintiffs' second Motion to Compel would be resolved through a process of compromise. However, Rule 37(a)(5)(A) not only requires payment of attorney fees for a successful movant on a motion to compel, but it also

6

mandates fees even when the motion is not specifically "granted" but "the disclosure or requested discovery is provided after the motion was filed[.]" Indeed, Rule 37's definition of "success" on a motion to compel includes situations such as the one at issue here, when a disclosure is satisfied only after the moving party files for relief with the court. *See* Fed. R. Civ. P. 37(a)(5)(A) (stating "payment of expenses" must be awarded "if the Motion is Granted (*or* Disclosure of Discovery is Provided After Filing)") (emphasis added); *see also* (Doc. 126 at 8) (Defendants' brief outlining the twelve additional disclosures they provided after Plaintiffs' filed their second Motion to Compel). As a result, even if Defendants believed the parties would reach a resolution through "a process of compromise," a cursory reading of Rule 37 would have adequately advised Defendants that they would still be responsible for attorney fees.

In addition, Plaintiffs' second Motion to Compel was fashioned as both a request for Defendants' initial disclosures, which were due several months prior, and a request for sanctions and attorney fees. (Doc. 60 at 22-24). Significantly, a substantial portion of Plaintiffs' second Motion to Compel was devoted to Plaintiffs' argument that Defendants' continued refusal to produce their initial disclosures warranted punitive action by the Court. *See* (Doc. 60). This too should have put Defendants on notice that any Court action on Plaintiffs' second Motion to Compel would undoubtedly include a resolution on the issue of attorney fees and sanctions.

In conclusion, the plain language of Rule 37 coupled with Plaintiffs' express request for sanctions should have adequately advised Defendants that the Court's Order on Plaintiffs' second Motion to Compel would include a fee award if Plaintiffs' were successful. As previously outlined, the definition of "success" under Rule 37 includes when the non-movant provides discovery materials only after the moving party

7

requests the court's intervention. *See* Fed. R. Civ. P. 37. The twelve documents Defendants produced in response to Plaintiffs' second Motion to Compel render their Motion successful under Rule 37, and an award of attorney fees was therefore mandatory. The Court went to great lengths to provide each party the opportunity to be heard, and as a result, the Court will not now provide Defendants an opportunity for a second, or perhaps third or fourth, bite at the proverbial apple. Simply put, Defendants' opposition to Plaintiffs' fee award should have been addressed in their original response to Plaintiffs' second Motion to Compel.

Nevertheless, to the extent Defendants did raise the issue of *ex parte* communication in their Response to Plaintiffs' second Motion to Compel, the Court will address that issue below, in fashioning a more reasonable fee award for Plaintiffs. *See* (Doc. 73) ("However, it appears that some confusion arose because there were dueling discovery requests and request by Plaintiff[s'] counsel's legal assistant under the New Mexico Inspection of Public Records Act."). Furthermore, in the interest of reaching an equitable fee agreement, the Court will address the merits of Defendants' argument regarding Plaintiffs' non-compliance with Rule 37 below, where it is more aptly framed as a response to Plaintiffs' Motion for Attorney Fees. In all other respects, Defendants' Motion to Clarify is **DENIED**.

### III. Plaintiffs' Motion for Attorney Fees

Next, the Court will address Plaintiffs' Motion for Attorney Fees. Plaintiffs request a total award of $13,565.28 for 50.3 hours spent working on their second Motion to Compel. (Doc. 120-1 at 1-4). In addition, Plaintiffs request the Court order Defendants to pay additional fees associated with the cost of filing the present motion and the cost of hiring "fee counsel" to opine on the reasonableness of their requested fee award.

(Doc. 120 at 15). Defendants present several challenges to Plaintiffs' Motion for Attorney Fees. (Doc. 126). First, Defendants' contend Plaintiffs' award should be either reduced or rescinded entirely because they failed to seek concurrence on their second Motion to Compel before seeking Court intervention. *Id.* at 1-3. In addition, Defendants allege Plaintiffs' hourly rate and the time allocated to their second Motion to Compel are both unreasonable. *Id.* at 3-15. The Court will address each of Defendants' arguments in turn.

### 1. Plaintiffs' Compliance with Rule 37

When the Court grants a motion to compel under Rule 37, an award of attorney fees is mandatory for the prevailing party, unless: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(5)(a)(i)-(iii). Here, Defendants contend Plaintiffs failed to confer in good faith before filing their second Motion to Compel. (Doc. 126 at 1-3). As a result, Defendants request Plaintiffs' Motion for Attorney Fees be denied.

The Court notes that after reviewing dozens of excepts from the parties' email communications, very little in this case has been conducted "in good faith." The Court is alarmed by the incivility that counsel have continued to display towards one another. *See* (Doc. 126-11 at 1); (Doc. 126-6 at 1-2). The principle purpose of the requirement to confer is to achieve the party's intended result without requesting the Court's intervention. Given the prolonged and tortured history of the parties' discovery disputes, there is only a nominal chance any substantial resolution would have been achieved by either party prior to Plaintiffs filing their second Motion to Compel. Simply put, because

9

of the parties' nature of communicating over the last several months, the Court will waive any alleged failure by Plaintiffs' to comply with Rule 37 as harmless. Indeed, incivility and a breakdown in communication can be attributed to both parties.

*2. Reasonableness of Hourly Rate*

After determining that attorney fees shall be awarded, the burden shifts to the party requesting payment to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). It is the court's responsibility to reach a "lodestar figure," the product of reasonable hours expended multiplied by a reasonable hourly rate. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986). The court can adjust the lodestar figure to reflect other factors, including the significance of the issues involved and the degree of success obtained. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). However, a court is not required to "identify and justify each disallowed hour" when fashioning a final fee award. *Mares*, 801 F.2d at 1202.

Plaintiffs request the Court enter a fee award consistent with an hourly rate of $250 for time spent litigating their second Motion to Compel. (Doc. 120-1 at 4). In their invoice, Plaintiffs do not distinguish between the rate charged for work produced by their attorney and the work completed by their paralegal. *See id.* at 1-4. Instead, Plaintiffs contend their $250 billable hour rate is "blended," to incorporate the rate afforded to work completed by both their paralegal and their attorney. (Doc. 120 at 9). Plaintiffs argue this blended rate is appropriate because their paralegal is an inactive attorney, who has more than twenty years of experience litigating in this district. *Id.* In response, Defendants' demand Plaintiffs separate their billing entries to identify who performed

what service and provide a more reasonable rate for billing their paralegal. (Doc. 126 at 3-5).

In support of their Motion for Attorney Fees, Plaintiffs retained a fee expert who opined on the reasonableness of their proposed rate. (Doc. 120-9). Notably, however, Plaintiffs' fee expert did not proffer an opinion on the reasonableness of Plaintiffs' "blended rate." Rather, Plaintiffs' fee expert explained, "[i]t is my opinion that this hourly rate is fair and reasonable insofar as it compares to the market rates for *lawyers* of comparable skill and experience in the New Mexico legal community. I am aware that [Plaintiffs' counsel] has twenty-two years' experience as a practicing attorney, [and] that she has billed at the same rate of $250 since 2010…." (Doc. 120-9 at 5-6) (emphasis added). Indeed, nowhere in his affidavit did Plaintiffs' fee expert utter the phrase "blended rate."

The only mention of a blended rate is Plaintiffs' counsel's own affidavit, where she proclaims such a practice is reasonable. (Doc. 120-10). Beyond this bald assertion of reasonableness, the Court cannot find any supporting case law that suggests a paralegal should be billed at the same rate as an attorney. Rather, a more reasonable hourly fee for work performed by a paralegal in this district is between $75 per hour and $90 per hour. *See Martinez v. Board of Comm., Cnty of Bernalillo, et al.*, CV 15-653 MV/JHR, Doc. 57 at 5-6 (D.N.M. April 4, 2018) (unpublished) (finding rate of $85 per hour reasonable paralegal fee); *Payne, et al. v. Tri-State Careflight, LLC., et al.*, CV 14-1044 JB/KBM, Doc. 176 at 33 (D.N.M. Sept. 30, 2017) (unpublished) (finding rate of $90 per hour reasonable paralegal fee); *Garcia v. Garcia Enterprises, Inc.*, CV 15-43 PJK/WPL, Doc. 47 at 1-3 (D.N.M. Dec. 17, 2015) (unpublished) (finding rate of $75 per hour reasonable paralegal fee); *Copar Pumice Co., Inc. v. Morris*, 2012 WL 2383667, at

*21 (D.N.M. June 13, 2012) (unpublished) (finding rate of $75 per hour reasonable paralegal fee).

In light of Plaintiffs' statement that their paralegal was a former attorney, and thus reasonably possesses many of the same skills as an attorney when performing work on a case, the Court will assess a rate of $90 an hour for work performed by Plaintiffs' paralegal, a figure resting on the higher end of the average fee range. While the Court understands counsel's desire to charge more for a paralegal who previously served as an attorney, Plaintiffs' counsel admits that her paralegal "is currently not practicing as a lawyer. He has been acting as an experienced paralegal throughout the active litigation of this case." (Doc. 120-10 at 2). Consequently, his billable rate should reflect his title.

However, the Court finds that Plaintiffs' $250 an hour billable rate for work performed by an attorney with over twenty years of experience is reasonable. *See XTO Energy, Inc. v. ATD, LLC.*, 2016 WL 1730171, at *32 (D.N.M. April 1, 2016) (unpublished) (collecting cases); *Kelley v. City of Albuquerque*, 2005 WL 3663515, at *8 (D.N.M. Oct. 24, 2005) (unpublished). This hourly rate is supported by both case law and Plaintiffs' own fee expert. As a result, the Court will leave this proposed figure unchanged.

Having determined that Plaintiffs erred in billing a blanket $250 per hour rate without distinguishing between work performed by their paralegal and work performed by their attorney, the Court is next tasked with determining how many hours were expended at each rate. In dividing the work performed between paralegal and attorney, the Court finds the United States Supreme Court's analysis in *Missouri v. Jenkins* instructive. 491 U.S. 274, 288 (1989). In *Missouri*, the Supreme Court opined that a lower rate is allowable for tasks performed by a paralegal, such as "factual investigation,

including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Id.* at 288, n. 10.

Consistent with this understanding of the ordinary distribution of services, the Court finds the following work from Plaintiffs' invoice, including time spent drafting court filings and attending court proceedings, should be attributed to their attorney:

| | |
|---|---|
| 6/28/19 entry: | Began drafting Motion to Compel (2.9 hours) |
| 7/5/19 entry: | Continue drafting Motion to Compel (3.4 hours) |
| 7/8/19 entry: | Continue drafting Motion to Compel (4.2 hours) |
| 8/2/19 entry: | Drafting Motion to compel (2.4 hours) |
| 8/5/19 entry: | Finalizing motion to compel (1.1 hours) |
| 8/7/19 entry: | Finish Motion to Compel (1.8 hours) |
| 8/13/19 entry: | Prepare for and attend status conference (.7 hours) |
| 8/16/19 entry: | Discovery meeting with opposing counsel (2.0 hours) |
| 9/2/19 entry: | Drafting reply brief (1.2 hours) |
| 9/4/19 entry: | Finish drafting reply (3.9 hours) |
| 9/5/19 entry: | Draft JSR (0.4 hours) |
| 9/6/19 entry: | Attend status conference (0.2 hours) |
| 9/12/19 entry: | Draft amended JSR (1.5 hours) |

In contrast, the remaining entries from Plaintiffs' invoice should be attributed to work performed by their paralegal. This includes assisting with document review, drafting correspondence with opposing counsel, and researching issues of law. (Doc. 120-1 at 2-4). Even if Plaintiffs' paralegal did not perform each of the remaining tasks identified in Plaintiffs' invoice, it was Plaintiffs' responsibility to charge a lower rate for work that could have been performed by a non-attorney. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Indeed, a pertinent principle of exercising "billing judgment" is that an attorney should not request compensation for tasks that could have been billed at a lower rate. *See e.g.*, *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("For example, where three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time.").

### 3. Reasonableness of Hours Expended

Next, the Court must assess the reasonableness of the entries Plaintiffs' attorney and paralegal billed. In particular, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Among the factors to consider in determining whether a prescribed number of hours are excessive, a court may consider the potential duplication of services, or whether the hours claimed were inherently necessary to a successful outcome. *Id.* at 434-38.

To begin, the Court notes three entries which appear facially unnecessary in Plaintiffs' invoice. First, it took Plaintiffs' paralegal longer to "review" opposing counsel's letter than it did to draft a response. *Compare* (7/17/19 entry: Review opposing counsel's letter (0.2 hours)); *with* (7/11/19 entry: Draft letter to opposing counsel (0.1 hours)); and (7/22/19 entry: Draft response to opposing counsel (0.1 hours)). This appears unreasonable, and as such, the Court finds the time spent reviewing opposing counsel's letter should be reduced from .2 to .1, to mirror the amount of time it took to draft the response.

Second, the Court notes Plaintiffs' paralegal billed 1.6 hours for researching the law regarding default judgments, which was neither briefed in Plaintiffs' second Motion to Compel nor argued before the Court. Therefore, 1.6 hours should be further deducted for unnecessary research unrelated to the issue before the Court. Third, Plaintiffs' paralegal billed 2.2 hours for the preparation of a discovery "chart." The Court finds this billing expenditure was both unnecessary and exerted an unreasonable amount of time. As a result, 2.2 hours shall be further deducted from Plaintiffs' total.

Next, the Court notes an inconsistency between the amount of time Plaintiffs' attorney and paralegal spent drafting the first and second motions to compel. Specifically, Plaintiffs' counsel charged $2,869.28 for work associated with her first Motion to Compel. At a rate of $250 an hour, and accounting for a 7.875 percent state sales tax, this would result in Plaintiffs' counsel billing approximately ten hours for her time spent drafting the first Motion to Compel. In contrast, Plaintiffs' counsel billed nearly 16 hours for time spent drafting her second Motion to Compel. Furthermore, Plaintiffs' paralegal billed an additional 8.5 hours for their assistance drafting the second Motion to Compel, for a combined total of nearly 25 hours spent working on the second Motion.

The Court is strained to accept that it would take more than twice as much time to draft a second motion, when the law and the facts were essentially unchanged from the first. As a result, the Court finds Plaintiffs' entries totaling nearly 25 hours devoted to drafting the second Motion to Compel are unreasonable and should be reduced to 8 hours in total. This deduction does not affect the 5.1 additional hours Plaintiffs' counsel billed for drafting her Reply brief.

Finally, the Court will address Defendants' contention that Plaintiffs' sent duplicate discovery requests to Sandoval County. (Doc. 126 at 6). In their Reply, "Plaintiffs admit [their paralegal] made several [Inspection of Public Records Act] requests to obtain documents." (Doc. 136 at 4). Defendants contend these dueling requests caused confusion and exasperated their difficulty in timely receiving discovery responses. (Doc. 126 at 6). The Court agrees that Plaintiffs' time spent billing for the Inspection of Public Records requests is unreasonable for two reasons.

15

First, Plaintiffs' should not have engaged in *ex parte* communication with Sandoval County to obtain discovery and nor should they have bypassed defense counsel. It is an elementary principle of legal ethics that if a party has counsel, opposing counsel may not contact the party directly. R. Prof. Cond. 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter"). Second, Plaintiffs' should not have billed for their time attributed to the Inspection of Public Records Act requests. This is plainly outside the scope of reasonable expenses a prevailing party may claim on a motion to compel. As a result, the Court will deduct 2.5 hours from Plaintiffs' paralegal's time attributed to obtaining discovery under the Inspection of Public Records Act.

*4. Additional Award for Plaintiffs' Motion for Attorney Fees*

Plaintiffs' also request the Court award them fees for time spent drafting their Motion for Attorney Fees. (Doc. 120 at 10). Indeed, Plaintiffs' contend they retained "fee counsel" to opine on the reasonableness of their proffered legal fees in support of their Motion. *Id.* While fees may be awarded to a prevailing party if leave of Court is sought after ordering a fee award, the circumstances in this case do not warrant any further payment.

Principally, parties should work to settle their fee disputes outside the presence of the court. "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. This includes the fee applicant exercising "billing judgment" with respect to hours worked and maintaining "billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.*

16

Here, the Court finds an additional fee award is not warranted for several reasons. First, if Plaintiffs' had initially requested a more reasonable fee award from Defendants, the need for Court intervention would have substantially decreased. This is especially true where, as here, Defendants have previously paid Plaintiffs' fees in a timely manner. Second, Defendants repeatedly offered to settle Plaintiffs' claim, and requested a new figure that separated the time exerted by counsel from that completed by Plaintiffs' paralegal. (Doc. 120-6 at 1); (Doc. 120-8 at 2).

Given defense counsel's repeated concerns about the proposition of a "blended rate," and the numerous exchanges urging Plaintiffs to submit a revised figure, the Court finds Defendants sought to alleviate the necessity of Plaintiffs filing their Motion for Attorney Fees. The Court is especially persuaded by the lack of any relevant evidence in this district that would have advised Plaintiffs that a $250 hourly rate for a paralegal is an appropriate exercise of billing judgment. In light of these considerations, the Court finds Plaintiffs' request for an award of additional fees should be denied.

## IV. Conclusion

Consistent with the foregoing, Defendants' *Motion to Clarify September 17, 2019 Order [Doc. 78]*, (Doc. 118), is hereby **DENIED**. In addition, *Plaintiffs' Petition and Memorandum for Attorney's Fees and Costs as Ordered by the Court on September 17, 2019 Pursuant to Rule 37(b)(2)(C) – See [DOC 88 p.2] and for Fees and Costs Associated with the Filing of this Petition for Sanctioned Fees*, (Doc. 120), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs shall be awarded fees for 9.7 hours of work performed by their paralegal, at a rate of $90 an hour, and 17.9 hours of work performed by their attorney, at a rate of $250 an hour. In total, Plaintiffs' award totals

$5,348, plus a 7.875% sales tax, for a final figure of **$5,770**. Defendants are ordered to tender payment of this award no later than **February 25, 2020**.

    **IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE