# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SHANNON SZUSZALSKI, et al.,

        Plaintiffs,

v.                                                                                  No. CV 19-250 RB/CG

RUDY FIELDS, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants Sandoval County Board of Commissioners, Rudy Fields, and Douglas Wood's Motion Compel Production of Non-Privileged Notes by Expert Witness* (the "Motion"), (Doc. 119), filed January 6, 2020; *Plaintiffs' Response to Defendants Sandoval County Board of Commissioners, Rudy Fields, and Douglas Wood's Motion Compel Production of Non-privileged Notes by Expert Witness [DOC 119]* (the "Response"), (Doc. 128), filed January 15, 2020; and *Defendants' Reply in Support of Their Motion to Compel Production of Non-Privileged Notes by Expert Witness [DOC 119]* (the "Reply"), (Doc. 138), filed January 22, 2020. Having reviewed the parties' filings and the relevant law, the Court finds *Defendants Sandoval County Board of Commissioners, Rudy Fields, and Douglas Wood's Motion Compel Production of Non-Privileged Notes by Expert Witness*, (Doc. 119), is **DENIED**.

In their Motion, Defendants argue Plaintiffs should be ordered to produce documents drafted by Plaintiffs' expert witness, David Torres. (Doc. 119). Defendants contend these documents are discoverable, because they are not protected by Rule 26(b). *Id.* at 5-6. Moreover, Defendants request an additional opportunity to depose Mr. Torres with the benefit of his unredacted notes. *Id.* at 10. In their Response, Plaintiffs

assert that Mr. Torres' notes fall within the ambit of Rule 26(b)(4)(C) and are therefore protected from production. (Doc. 128 at 5). On January 27, 2020, the Court ordered Plaintiffs to produce the disputed documents to the Court for an *in-camera* review. (Doc. 141 at 2). Shortly thereafter, Plaintiffs complied with the Court's instructions and produced unredacted copies of Mr. Torres' notes. As a result, the question presently before the Court is whether Mr. Torres' notes are protected by Rule 26(b)(4)(C), or whether they should have been disclosed to Defendants.

The Federal Rules of Civil Procedure "reinforce the strong preference for broad discovery of expert materials." *Republic of Ecuador v. For Issuance of a Subpoena*, 735 F.3d 1179, 1187 (10th Cir. 2013). However, while materials considered by a party's expert are generally discoverable, Rule 26 provides two exemptions from disclosure: "Trial preparation protection for draft reports or disclosures," and "trial-preparation protection for communications between a party's attorney and expert witness." Fed. R. Civ. P. 26(b)(4)(B),(C). These exemptions, as interpreted and applied by the Tenth Circuit Court of Appeals, are the "exclusive protections afforded to expert trial-preparation materials." *Republic of Ecuador*, 735 F.3d at 1187. Presently, the parties dispute the applicability of the second exemption, "communications between a party's attorney and expert witness," under Rule 26(b)(4)(C).

Rule 26(b)(4)(C) protects "communications between a party's attorney and any witness required to provide a report [], regardless of the form of the communications[.]" Despite the protection afforded to attorney-expert communications, Rule 26 enumerates three instances where material must be disclosed: when the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the

2

party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii). These exceptions, and Rule 26(b)(4) more broadly, are intended to "limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel." *Republic of Ecuador*, 735 F.3d at 1187. Rule 26 should therefore not be construed to "impede discovery about the opinions to be offered by the expert or the development, function, or basis of those opinions." *Id.*

Here, Defendants contend Mr. Torres' notes "identify facts, data, or assumptions" that Plaintiffs' attorney provided and "that the expert considered in forming the opinions to be expressed" (Doc. 119 at 7-8). As a result, Defendants assert these notes constitute "exceptions" to the protection of Rule 26(b)(4)(C) and are therefore subject to production. *Id.* The Court will address each of the two documents, consisting of Mr. Torres' notes, which Plaintiffs have asserted are protected from disclosure.

First, regarding Bates stamped document "000034-000035," the notes are labelled by Mr. Torres as "August 8 2019 Conference with attorneys." Underneath this heading, Mr. Torres wrote "My response." Then, Mr. Torres enumerated several paragraphs, each presumably answering questions proffered by Plaintiffs' counsel. As a result, these notes fall within the purview of protection afforded to communications between a party's attorney and an expert witness. In addition, none of the exceptions provided by Rule 26(b)(4)(C)(i)-(iii) are applicable. Indeed, the notes neither identify facts or data provided by Plaintiffs' attorney, nor do they identify any assumptions

utilized by Mr. Torres in reaching his conclusions. Therefore, the Court finds document "000034-000035" was properly withheld from disclosure.

Next, the Court will address Mr. Torres' notes Bates stamped "000090-000095." These notes are labelled "After conference with attorneys" and similarly appear to represent Mr. Torres' answers to questions proffered by Plaintiffs' counsel. Specifically, Mr. Torres writes "Attorneys want to know," and "what lawyers are [asking]." These notes also fall within the protection afforded to communications between a party's attorney and an expert witness. Moreover, none of the exceptions offered by Rule 26(b)(4)(C) apply. Therefore, these notes were properly withheld by Plaintiffs' counsel and are privileged from disclosure.

The Court's holding is consistent with the purpose of Rule 26(b)(4) and the intended scope of protection for attorney-expert communications. Importantly, the 2010 amendments to Rule 26(b) were intended to narrow the definition of discoverable material related to attorney-expert communications. *See* Fed. R. Civ. P. 26 (2010 committee comments) ("The refocus of disclosure on 'facts or data' is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel."). "When an attorney supplies an expert with non-factual information, such as mental impressions about the expert's work, this information is not discoverable by the opposing party." *Carpenter v. Deming Surgical Ass.*, 2015 WL 13662880, at *4 (D.N.M. April 20, 2015) (unpublished) (citing Fed. R. Civ. P. 26 (2010 committee comments)). Furthermore, the 2010 amendments to Rule 26 "disfavor[] a far-reaching understanding of Rule 26(b)(4)(C)(ii) that includes all communications from an attorney…" *Id.* (citing *Republic of Ecuador*, 735 F.3d at 1187).

4

Simply put, allowing Defendants to examine Mr. Torres' notes, which appear to be answers to questions posed by Plaintiffs' attorney, would risk detailing the "inner workings of [the] attorney's mind," or Plaintiffs' attorney's strategy related to the case. *Republic of Ecuador*, 735 F.3d at 1187. Working from Mr. Torres' enumerated responses, Defendants could easily ascertain what Plaintiffs' attorney's questions were and their importance to Plaintiffs' underlying litigation strategy. As a result, the Court finds Mr. Torres' notes are protected by Rule 26(b)(4)(C) and were properly withheld from disclosure. In addition, none of the enumerated exceptions in Rule 26(b)(4)(C)(i)-(iii) apply to Mr. Torres notes. As such, *Defendants Sandoval County Board of Commissioners, Rudy Fields, and Douglas Wood's Motion Compel Production of Non-Privileged Notes by Expert Witness*, (Doc. 119), is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE